IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40278
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE MAGALLANES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-326-2
- - - - - - - - - -

March 3, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Felipe Magallanes challenges his conviction and sentence for conspiracy to possess with intent to distribute 349 grams of cocaine base (count 1); possession with intent to distribute 26 grams of cocaine base (count 3); possession with intent to distribute 138 grams of cocaine base (count 4); possession with intent to distribute 171 grams of cocaine base (count 5); unlawfully possessing a Smith & Wesson .22 caliber semi automatic pistol from which the serial number had been obliterated (count

_____

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

6); being a felon in possession of a Smith and Wesson revolver, .38 caliber (count 7); and being a felon in possession of a Smith & Wesson .22 caliber semi automatic pistol (count 8).

As conceded by the Government, Magallanes' convictions on counts 7 and 8 violate the Double Jeopardy Clause. See United States v. Berry, 977 F.2d 915, 919-20 (5th Cir. 1992). The case is remanded to the district court so that it may vacate one of the convictions and resentence Magallanes.

We find that Magallanes' other arguments lack merit. The district court's questioning of witnesses did not amount to plain error. See United States v. Cantu, ___ F.3d ____, 1999 WL 46977 *3-*4 (5th Cir. Feb. 3, 1999). Convictions on counts 6 and 8 do not violate Double Jeopardy. See United States v. Mansolo, 129 F.3d 749, 750 (5th Cir. 1997); United States v. Nation, 832 F.2d 71, 74 (5th Cir. 1987). Magallanes argues that evidence was insufficient to support conviction for possession of cocaine base in count 5 on the ground that the evidence showed that he possessed only powder cocaine. An indictment need only allege, and a jury need only find, that the substance at issue was a form of cocaine, whether or not it was the cocaine base form of cocaine is purely a sentencing factor." United States v. Deisch, 20 F.3d 139, 151 (5th Cir. 1994). Evidence was sufficient to support a conviction beyond a reasonable doubt that Magallanes knowingly possessed a firearm with an obliterated serial number. See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992)(standard for sufficiency of the evidence); United States v. Moore, 54 F.3d 92, 101 (2d Cir. 1995). The district court did

not commit error, plain or otherwise, by assessing a point for a previous assault conviction when sentencing Magallanes.  U.S.S.G. §§ 4A1.1(c), 4A1.2(c)(1).  Counsel was not ineffective for failing to object to the addition of this point at sentencing. See Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir. 1990)("[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim").

AFFIRMED IN PART; VACATED AND REMANDED IN PART.